IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MOHAMAD ABUKHDAIR,**

    Petitioner,

vs.                                        Case No. 4:08cv48-RH/WCS

**MICHAEL B. MUKASEY,
ATTORNEY GENERAL OF THE
UNITED STATES, et al.,**

    Respondents.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, filed a petition seeking a writ of habeas corpus under § 2241, doc. 1, on January 30, 2008.  Petitioner paid the filing fee for this petition, doc. 4, on or about February 21, 2008.  Petitioner was housed at the Wakulla County Jail in Crawfordville, Florida, at the time of case initiation.  Doc. 1.  He alleged he is a native of Israel, but not a citizen of Israel, and asserted he "carries a temporary travel document" and is a "stateless Palestinian" with "no citizenship in any country."  *Id*., at 5-6.  Petitioner stated he was ordered removed on April 17, 2007, (the order became final on July 9, 2007), and had been in custody since June 19, 2007.  Doc. 1*,* pp. 3, 6.  Petitioner claimed that Respondents were unable to effect his removal, yet refused to

release him.  *Id.*, at 6.  He noted that Israel and Jordan do "not recognize him as [a] citizen because he is of Palestinian descent."  *Id.*  "No repatriation agreement exists between the U.S. and Palestine" and, thus, Petitioner sought relief under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).  *Id.*

Service was directed on March 19, 2008.  Doc. 5.  Petitioner's copy of the order was returned as "undeliverable," doc. 11, and Respondents were directed to advise as to Petitioner's status, particularly, they were to notify the court if Petitioner had been released and, therefore, already granted the relief sought in the petition.  Doc. 12.

On April 11, 2008, Respondents filed a motion to dismiss, doc. 15, which advises that Petitioner was "released from the custody of Immigration and Customs Enforcement (ICE) on February 29, 2008."  Doc. 15, p. 1.  Because Petitioner has been released, Respondents note that a favorable judicial decision cannot address any injury.  Thus, "the petition should be dismissed by the Court as moot."  *Id.*, at 3-4.  Respondents provided an address for Petitioner as listed in the "Order of Supervision."  *Id.*, at 4.

The Clerk of Court will be directed to provide a copy of this report and recommendation to Petitioner at the location provided by Respondents.  If Petitioner does not contest this dismissal, he need not take any further action.  Petitioner shall have a fifteen day period of time in which to file any opposition to this report and recommendation.

**ORDER**

Accordingly, it is

**ORDERED:**

1.  The Clerk shall provide a copy of this report and recommendation to Petitioner at the address listed in the Order of Supervision:  11207 N. 51st Street, Tampa, Florida 33167.

2.  Petitioner shall have fifteen days to submit any opposition to this recommendation to dismiss his § 2241 petition as moot.

**REPORT AND RECOMMENDATION**

In light of the uncontested assertion by Respondents, it is respectfully **RECOMMENDED** that the § 2241 petition filed by Petitioner Mohammed Nasser Abuikhdair be **DISMISSED as moot** since it appears he has been released from detention.

**IN CHAMBERS** at Tallahassee, Florida, on April 16, 2008.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**